DEAN v. GUPTON.

(Filed October 4, 1904).

ADVERSE POSSESSION—*Evidence—Ejectment—The Code, secs. 143, 144.*

> The evidence in this case, an action of ejectment, is sufficient to sustain a finding that the defendant held certain land in controversy adversely to the plaintiff.

ACTION by J. M. Dean and others against J. E. Gupton, heard by *Judge Frederick Moore* and a jury, at April Term, 1904, of the Superior Court of FRANKLIN County. From a judgment for the defendant the plaintiffs appealed.

*W. M. Person,* for the plaintiffs.
*W. H. Ruffin, W. H. Yarborough, Jr.,* and *F. S. Spruill,* for the defendant.

CLARK, C. J. By the will of Cooper Dean, who died in Franklin County in 1855, the *locus in quo* was devised to his widow for life, remainder to his son, Henry G. Dean, then living in Texas. This is an action of ejectment by his heirs at law of the latter. It was in evidence for the defendant that in 1855, soon after his father's death, Henry G. Dean came to Franklin County, saw the defendant, John E. Gupton, told him that his (Henry Dean's) mother was too old for him to carry away and he would give John E.

Gupton and wife (the latter being Henry's sister) the land if they would take care of his mother her life-time; that this was agreed to and they lived with her, took care of and supported her and paid her doctor's bills, until she died, in February, 1862. She was deranged and an invalid for two years before she died. John E. Gupton has been in possession ever since and has listed the land in his own name and paid taxes on it since 1879. There was some evidence to show that one Leonard had been in possession of part of the land, with no dividing line between him and the defendant, and counter evidence that he was a tenant of the defendant. The complaint alleges that the defendant is in possession of the land and this is admitted in the answer. There is no exception to the evidence of the charge.

The plaintiff prayed the Court to instruct the jury: (1) That upon all the evidence, if believed, the defendant has not had adverse possession of the land in question for thirty or twenty years, nor any proper title. (2) If the jury believe the evidence the plaintiffs are entitled to recover the land sued for. (3) That upon all the testimony the possession is not shown to be adverse in the defendant. To the refusal to so charge the plaintiffs excepted. These prayers were properly refused. There was evidence from which the jury would be justified in finding that the defendant has been in exclusive adverse possession of this tract of land since the death of the widow, in February, 1862 (The Code, sec. 144), and that "the plaintiffs and those under whom they claim have not been seized or possessed of the premises in question within twenty years before the commencement of this action" (The Code, sec. 143), and there has been nothing to prevent the running of the statute. While the oral contract could not convey title, it tended, if believed, to show that the defendant held adversely from the death of the widow, and there was evidence, if believed, that the defendant held the

entire tract, and, of course, therefore up to its boundaries, and that the others named in the plaintiff's evidence held under the defendant as his tenant either at will or paying rent.

No Error.